**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
TAYLOR STEPHEN, An Infant By Her Parent
and Natural Guardian, Jamine Baptiste, et al.                    **REPORT AND**
                      Plaintiffs,                   **RECOMMENDATION**

         - against -                             CV 08-0338 (CPS) (JO)

TARGET CORPORATION, et al.,
                      Defendants.
---------------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Jamine Baptiste ("Baptiste"), acting as the legal guardian of her infant daughter as well as on her own behalf, filed the instant suit against defendants Target Corporation and Target Corporation At Gateway Mall (collectively, "Target"), alleging that she and her daughter had both been harmed as a result of the Target's negligence.  Specifically, Baptiste alleged that on April 1, 2006, her daughter had tripped over certain items that were left unattended on the floor of a Target store in Brooklyn, New York, and that as a result she had fallen and fractured her wrist.  *See* Verified Complaint ("Complaint") ¶¶ 26-28, attached to Docket Entry ("DE") 1 (Notice of Removal); DE 30, Affirmation of [Plaintiff's] Attorney Kenneth Mangano ("Mangano Aff.") ¶ 6.  After exchanging written discovery and participating in a non-binding arbitration, the parties agreed to settle the case for a total of $17,500.  Mangano Aff. ¶ 8.  Pursuant to the terms of the proposed settlement, $5,833.28 of the settlement funds will be paid to the plaintiff's counsel as his fee (inclusive of his disbursements), Baptiste will take nothing for herself, and the remaining $11,666.72 will be held in a bank account for the benefit of the infant.  I respectfully recommend that the court approve the proposed settlement as fair, reasonable, and in the best interests of the infant.  *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205-08; N.Y. Jud. Law § 474.

I.      Background

Baptiste alleges that on April 1, 2006, her then-seven-year-old daughter Taylor[1] was lawfully on the premises of defendant Target Corporation at Gateway Mall when she tripped over a box and fell, sustaining a broken left wrist. Complaint ¶¶ 26-28, Mangano Aff. ¶ 6, Affidavit of Guardian [Jamine Baptiste] ("Baptiste Aff.") ¶ 4. Taylor was taken to Brookdale Hospital where her injuries were diagnosed and where she received a short arm plaster cast prior to discharge. Baptiste Aff. ¶ 4. Taylor continued to receive care from Brookdale for approximately seven weeks, and on May 26, 2006, her injury was determined to be fully and satisfactorily healed. Physician's Affirmation [of Joseph Paul, M.D.] ("Paul Aff.) ¶ 3. A recent physician's examination revealed that Taylor has full range of motion and reports no pain, tenderness, or discomfort. *Id*.

After exchanging written discovery, and taking into account the substantive strengths and weaknesses of the case, the parties engaged in non-binding arbitration, in which the arbitrator awarded Taylor $20,000. Mangano Aff. ¶ 8. When the defendants declined to accept that disposition, the parties negotiated a proposed settlement, pursuant to which the defendants would pay a total of $17,500 in settlement of all claims. The proposed settlement also explicitly provides for the distribution of the $17,500 total as follows: Baptiste's attorney will receive $5,833.28 in attorney's fees (inclusive of disbursements), leaving a balance of $11,666.72 to be

---

[1] I use the name of the plaintiff's minor daughter (and will refer to her simply as "Taylor" for ease of reference) notwithstanding the provisions of the E-Government Act of 2002, Pub. L. No. 107-347 (as amended Aug. 2, 2004) and this Court's Administrative Order 2004-09, because that name already appears on the public record of this case by virtue of the plaintiff's inclusion of it in the case caption and throughout the Complaint. I note the matter here so that counsel will, in future cases, take care to adhere to the law's requirements and protect the privacy of the minors and others whose interests the law protects.

paid into a bank account held by Baptiste for the exclusive benefit of her daughter until the latter achieves her eighteenth birthday. None of the settlement amount would go to Baptiste in her own right.

I held a hearing on November 14, 2008, to determine the reasonableness and propriety of the proposed settlement of the infant's cause of action and to determine a reasonable attorney's fee and proper expenses incurred by the plaintiff's attorney in prosecuting this action on behalf of the plaintiff. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. § 1208. Attorney Mangano, Baptiste, and her daughter all appeared before me in person. In support of the proposed settlement, Mangano submitted his own affirmation and Baptiste's affidavit, each of which describes and endorses the proposed settlement. Mangano explained the terms of the settlement on the record, as well as his view as to why the proposed result is a fair one. Transcript of hearing ("Tr.") at 3-6. Both Baptiste and her daughter indicated that they understood and agreed to the terms of the proposed settlement. Tr. at 7-8.

II. Discussion

   A. The Settlement Amount

There is no bright-line test for concluding that a particular settlement is fair. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 692-93 (2d Cir. 1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable, and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the

3

proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ...." *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (internal citations and quotation marks omitted).

There is no indication of collusion in this case. To the contrary, having reviewed the plaintiff's written submissions and having spoken with Baptiste, her daughter, and their counsel at the November 14, 2008 hearing, I am confident that they agreed to this settlement only after arm's-length bargaining with the defendants. I further conclude that the exchange of written discovery and counsel's investigation into the circumstances surrounding the alleged negligent conduct of the defendants were sufficient to enable an intelligent analysis of the issues and the proposed settlement. In addition, Mangano asserts, as required by state law, that neither he nor his firm has any interest in the settlement of the instant claim adverse to Taylor's, and that neither he nor his firm has received or will receive any compensation other than that applied for in connection with this settlement. Mangano Aff. ¶ 13; *see* N.Y. C.P.L.R. § 1208. He further asserts that no previous application has been made to any court for the relief sought in the Complaint. *Id.* ¶ 14. I am satisfied that Taylor's interests are not being sacrificed in any way and that counsel has faithfully represented those interests and his client's.

In considering a proposed settlement, the following factors are relevant, among others: the complexity, expense and likely duration of the litigation; the extent to which the parties have completed discovery; the litigation risks as to issues of both liability and damages; the defendants' ability to withstand a greater judgment; and the reasonableness of the proposed settlement fund compared to the best possible recovery and in light of all the litigation risks. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted).

4

In applying these factors, I recognize that I need "'not decide the merits of the case or resolve unsettled legal questions.'" *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child, and accordingly, I give deference to Baptiste's views regarding the fairness of the settlement. *See*, *e.g.*, *Sabater v. Lead Indus. Ass'n, Inc.*, 2001 WL 1111505, at *3-*4 (S.D.N.Y. Sept. 21, 2001); *Stahl v. Rhee*, 643 N.Y.S.2d 148, 153 (N.Y. App. Div. 1996) (noting that "[i]n a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail").

Although the litigation in this case is not overly complex, it has caused, and is likely to continue to cause if not settled, a significant expense to all of the parties involved. Moreover, Mangano expressed the view in his affidavit that there are significant risks associated with proceeding to trial; in particular, there is a substantial question regarding Taylor's own comparative negligence. *See* Mangano Aff. ¶ 9.

Under the terms of the proposed settlement, the defendants will pay $17,500. After subtracting $5,833.28 in attorney's fees payable to attorney Mangano, the remaining $11,666.72 will be paid into an account that Baptiste will hold for the sole use and benefit of her daughter until the latter reaches adulthood. Based on an evaluation of the circumstances of the case, I conclude that the proposed settlement is reasonable and respectfully recommend that the court approve it.

B. <u>Attorney's Fees</u>

Under applicable law, the criterion for determining the appropriate amount of attorney's fees to be awarded in the context of an infant compromise proceeding is "'suitable compensation for the attorney for his service ... [on] behalf of the ... infant.'" *Allstate Ins. Co. v. Williams*, 2006 WL 2711538, at *4 (E.D.N.Y Sept. 21, 2006) (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (N.Y. Sup. Ct. 1967)). Although Baptiste has agreed to Mangano's proposed fee, such agreements are merely advisory; and serve only to guide the court in making a determination committed to its sound discretion. *Id.* (quoting *Werner*, 276 N.Y.S.2d at 271).

Attorney Mangano has submitted an affidavit listing the various services his office has performed during the pendency of this case. Mangano Aff. ¶ 11. Both Mangano and Baptiste agree that they entered into a standard retainer agreement to pay Mangano one-third of the amount recovered on the infant plaintiff's behalf, plus costs. *Id.* ¶ 4; Baptiste Aff. ¶ 6. Based on these representations, and given the amount of work involved, I conclude that the requested attorney's fee of one-third of the total settlement payment is reasonable and respectfully recommend that the court approve that fee.

III. <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court approve the parties' proposed settlement; specifically, I recommend that the court approve the following terms to which the parties have agreed: a payment by the defendants of a total of $17,500 in satisfaction of all of the plaintiff's pending claims, with $5,833.28 in fees to be paid out of that amount to the plaintiff's attorney, and the remaining balance of $11,666.72 to be deposited in an interest-bearing account at Washington Mutual Bank, located at 1128 Eastern Parkway,

Brooklyn, New York, 11213, telephone number (718) 804-1913, in the name of Jamine Baptiste for the sole use and benefit of her daughter Taylor Stephen until the latter reaches the age of eighteen years; provided that the funds in the account may be used to pay for necessary medical expenses upon order of the court, and further provided that the bank shall without further court order pay over to Taylor Stephen all monies held in that account when she reaches the age of eighteen years. I further recommend that the court retain jurisdiction of this action for the purposes of enforcing this infant compromise order and the terms of the underlying settlement, entering this infant compromise order directing the disposition of funds, and hearing and determining applications for the release of funds under this infant compromise order.

IV. Objections

This Report and Recommendation will today be filed electronically on the court's ECF system and is therefore deemed served on the parties as of today's date. Any objections to this Report and Recommendation must be filed with the Clerk no later than December 12, 2008. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(a), (d). Failure to file objections within that period, absent the entry of an order extending that deadline pursuant to Federal Rule of Civil Procedure 6(b)(1), will waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

    **SO ORDERED.**

Dated: Brooklyn, New York
       November 24, 2008

                        /s/ James Orenstein
                        JAMES ORENSTEIN
                        U.S. Magistrate Judge